JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50103 | DATE | 9/24/2004 |
| CASE TITLE | Eade vs. Motorola | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the reverse memorandum opinion and order, the court grants defendant's motion for summary judgment and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 9-27-04 (date docketed) | |
| X | Docketing to mail notices. | | | 24 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | | |
| LC | courtroom deputy's initials | | 9-27-04 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Patricia Ann Eade, filed a complaint against defendant, Motorola, Inc., alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., based on a claim of sexual harassment by two coworkers. Defendant has moved for summary judgment, contending it is not liable as a matter of law because once it became aware of the harassment it took reasonable steps to prevent future harassment.

Summary judgment is proper when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Berry v. Delta Airlines, Inc., 260 F. 3d 803, 808 (7th Cir. 2001).

Under Title VII, an employer can only be held liable for the sexual harassment of a coworker if it knew or should have known about the harassment and failed to take reasonable steps to remedy the harassment once it was put on notice. Wyninger v. New Venture Gear, Inc., 361 F. 3d 965, 976 (7th Cir. 2004). If an employer takes reasonable steps to discover and rectify the harassment, it has discharged its legal duty. Wyninger, 361 F. 3d at 976. An employer's response to alleged instances of employee harassment must be reasonably calculated to prevent further harassment under the particular facts and circumstances at the time the allegations are made. Wyninger, 361 F. 3d at 976. The focus is not solely on whether the remedies ultimately succeeded, but instead, should determine whether the employer's total response was reasonable under the circumstances as then existed. Wyninger, 361 F. 3d at 976. What is a reasonable response depends on the seriousness of the harassment. Longstreet v. Illinois Dept. of Corrections, 276 F. 3d 379, 382 (7th Cir. 2002). The question of whether an employer could have done more in response to a claim of harassment is irrelevant unless the plaintiff can present some evidence suggesting that the steps taken by the employer were not reasonably likely to prevent the harassment from recurring. Berry, 260 F. 3d at 813.

In this case, plaintiff does not contend (nor could she in light of the undisputed evidence) that defendant should have known of the sexual harassment prior to November 17, 2001, the date when plaintiff first reported it to a supervisor. Rather, plaintiff asserts that there is a question of material fact as to whether, once defendant did know, its response was reasonably calculated to prevent further harassment.

Based on the undisputed evidence, the court concludes that defendant's response was reasonably calculated to prevent further harassment and that defendant is entitled to judgment as matter of law on that basis. There is no question that defendant took prompt and measured action in response to plaintiff's complaint, including allowing plaintiff to leave with pay, instructing the offenders to stay away from plaintiff unless work related, and conducting a thorough investigation. Once it was determined that the harassment had occurred, and the seriousness of it, defendant initiated measures designed to quell any further harassment, including relatively severe discipline against the offenders and a reasonable attempt to keep them away from plaintiff considering the limitations of the workplace. These measures were, as a matter of law, reasonably calculated to prevent future harassment in light of the seriousness of the prior conduct.

Plaintiff attempts to challenge the reasonableness of defendant's response by contending that nothing short of termination would prevent future harassment. The fact that defendant could have done more is of no consequence absent a showing that what defendant did was not reasonably likely to prevent future harassment. See Berry, 260 F. 3d at 813.

Plaintiff also points to the continued harassment of one of the offenders as evidence that the measures taken were not reasonable calculated to prevent the harassment. Assuming that Hassell's conduct after the preventative measures were taken constitutes sexual harassment, the mere fact that the measures did not fully succeed is not determinative. Further, plaintiff did not bring this additional conduct to the attention of defendant and, in fact, told her supervisor when asked, that everything was fine.

Plaintiff further relies on the fact (based on multiple hearsay) that her supervisor, Brumett, knew of a prior instance of sexual harassment by Hassell against another employee based on a group leader's having relayed the other employee's complaint to Brumett. Assuming both the truth and the admissibility of such a fact, it is of no consequence here. Even had defendant been aware of the prior instance of harassment by Hassell (assuming it was in fact harassment), the measures taken by defendant in response to plaintiff's complaint were still reasonably calculated to prevent future harassment as they were immediate, focused, and relatively severe. This is especially so in light of the fact that no other similar measures directed at Hassell had been taken in the past and shown to be ineffective.

Finally, plaintiff suggests that defendant's response was inadequate because she was required to move to a different team although on the same shift with all the same benefits and pay. This argument fails as the undisputed evidence shows plaintiff agreed to the change. The law does not require defendant to necessarily force the offending employee to work a different shift than the victim, particularly where the measures implemented are otherwise reasonably calculated to prevent future harassment. Moreover, in a facility as small as defendant's, it would be nearly impossible to prevent plaintiff and the offending employees from having some work-related contact. Defendant's only responsibility under Title VII was to take reasonable measures to prevent improper contact, this it did.

Because there are no questions of fact or law regarding the issue of whether defendant's response was reasonably calculated to prevent future harassment, the court grants defendant's motion for summary judgment.